### CONSOLIDATED ST. RY. CO. v. CHARLES MAIER.

**TERMS ON LEAVE TO AMEND.**

Where a petition, by a boy employed to drive a horse pulling a street car over a bridge, fails to state a cause of action by not showing by averments that there were defects, or the master's liability for them, or the plaintiff's incapacity to appreciate the danger, there must be a reversal, leaving it to the court below to impose terms on leave to amend.

ERROR to the Court of Common Pleas of Lucas county.

Charles Maier, fifteen years old, was injured by having his foot run over by a street car while in the employ of the street car company, driving a horse attached to a street car, over Erie street bridge in Toledo, and recovered judgment in the court of common pleas against the street car company for $————, damages for his injury, two former trials having resulted in a disagreement of the jury. The sufficiency of his petition was not tested by demurrer, but on the trial it was claimed by counsel for the company that his petition was insufficient, and objection was made to the reception of any evidence under it; but the objection was overruled, and exception taken. At the close of the evidence the company's counsel moved to arrest all evidence from the jury and for an instruction directing a verdict for the defendant. This being refused and exceptions taken, the company offered its evidence, and at the close of all the evidence, again asked for an instruction to the jury to return a verdict for the defendant, and excepted to the court's refusal to give this instruction; and after a verdict had been rendered against it, moved for a judgment in its favor *non obstanto veredicto* and also for a new trial, as well upon the ground of insufficiency of the petition, as for the alleged insufficiency of the evidence to show the company's liability, and took exceptions to the overruling of each of those motions.

The charging part of the petition is as follows:

" * * that the plaintiff is a minor, fifteen years of age, and at the date hereinafter named, was in the employ of the defendant as a common laborer, in such work as he was able to perform.

"A portion of the defendant's line of railway, on the 19th day of November, 1890, extended along and through Erie street, in the city of Toledo, and crossed on a public bridge over the Wabash and Erie Canal and Swan Creek, which said line of street railway was being operated by electricity and the use of electric cars.

Consolidated Street Ry. Co. v. Maier.

" Said bridge at the time was considerably elevated above the general grade of Erie street in the vicinity, and made it quite hard and difficult to move said cars up said grade and across said bridge, and requiring three horses and the use of judgment and skill, on the part of those managing said horses and said cars, to get them over the bridge with safety. Said horses being so used were driven three abreast. Said Erie street bridge is located in a populous part of the city, and has a great deal of public travel over the same in both directions, and in addition was quite narrow, so that said three horses and two horses attached to a double wagon in moving on said bridge, would nearly fill the entire width of the same.

"Plaintiff at the date named was wholly without experience or knowledge either in the management of horses, or of moving or handling said cars.

" On the afternoon of the 18th day of November, 1890, the plaintiff, by the orders and directions of the foreman in the employ of the defendants, and whose orders in that behalf it was the duty of the plaintiff to obey, ordered and directed plaintiff to go to said Erie street bridge in charge of one horse, and assist in moving the cars over said bridge. Plaintiff went in accordance with instructions, and worked there the remainder of said day, and returned again on the morning of the 19th, and commenced the same work. Said foreman at the barn, whose duty it was to provide the plaintiff with all suitable appliances for managing said horses and doing said work, negligently and carelessly provided plaintiff with lines to drive said horse, which were so short that in driving said horse when attached to the car with the other two horses he could not stand or ride upon the platform of said car and guide and manage the same with any degree of safety to himself or said horses, and he was in consequence of the shortness of said lines compelled to go along on the street at the side of said horses and car for the purpose of managing said horses.

" On the 19th day of November, while the plaintiff was so assisting in moving one of the defendant's cars over said bridge, and while on said bridge, and while the plaintiff was walking along on the street by the side of said horses, as he was then compelled to do by the shortness of said lines, a large heavy brick wagon, to which were attached two horses, met said horses and car on the bridge, and thereby nearly filled up said roadway, and brought the plaintiff in between said moving wagon and said car and horses. Both the horses attached to said car as well as those attached to said wagon thereupon became excited and partially unmanageable, and put the plaintiff in great peril and danger from his position, and without any fault of his own, and without being able to prevent it, or to extricate himself therefrom, he fell or was knocked down onto the railway track on which said car was moving, and the wheels of said car passed over the instep of his left foot, and so mangled and crushed the same.

" Plaintiff said that said car was a motor car, and was in charge of a motorman so-called and a conductor, both servants of the defendants, in charge of the management and control of said car. Plaintiff says at the time he was sent to do said work, he was not of sufficient age and experience to do the same, as the defendant well knew, or by the exercise of reasonable and proper care on its part should have known.

" Plaintiff says that he sustained the injuries aforesaid without any fault on his part, and wholly through the negligence of the defendant in failing and omitting to furnish the plaintiff with suitable lines to do said work, and in requiring the plaintiff to perform said work with the lines furnished him, and through the negligence of the servants and agents of the defendant in charge and control of the bells, gong and signals on said car, in wrongfully ringing and sounding the same as they did in such a manner as they did to excite said horses, and increase the peril in which plaintiff was placed, and in the negligence of the defendant in placing plaintiff in charge of said work and imposing upon him such duties to perform without experience, without any caution or instruction as to the manner of doing the same, and in ordering the plaintiff to move said car over said narrow bridge with the public travel thereon, in the manner in which he was directed to do the same."

PER CURIAM.

The petition does not state facts sufficient to constitute a cause of action, for it does not appear thereby that said defendant is responsible to plaintiff for the negligence of said motorman or conductor, or that the plaintiff was required or expected to ride upon said car while driving said horses, or that said lines were too short, or otherwise defective for driving said horse while plaintiff walked upon the ground, nor that the defendant knew or was chargeable with notice or knowledge that said horses would or were likely to become excited or unmanageable on said bridge, nor that to the defendant's knowledge, the position in which the plaintiff was placed was without some negligence or wrongful act on the part of some one, necessarily or likely to be one of danger. Nor is it alleged in said petition that said plaintiff himself did not know or was incapable of appreciating the danger, if any, to which said employment then and there exposed him, the court being of the opinion that what is alleged in said petition regarding the youth and inexperience of the plaintiff in managing horses or cars, and that

said injury to him was without his fault, is not equivalent to the allegation of want of knowledge or incapacity in the plaintiff which is requisite in such cases. *Rolling Mill Co.* v. *Corrigan,* 46 O. S., 283; *Car Co.* v. *Norman,* 49 O. S., 598.

It being suggested by counsel for Maier that it would be necessary for him to amend his petition, and that the court of common pleas, upon the case being remanded, might impose such terms and conditions for such amendment as he would deem onerous, he asked that the circuit court might itself enter as a part of its order, a direction to the court of common pleas to allow such amendment; but the circuit court is of the opinion that it has no power to make such order, but that the court of common pleas will act in the matter equitably in view of the circumstances, including its own orders in the premises.

Judgment reversed for insufficiency of said petition, and cause remanded to the court of common pleas for further proceedings according to law.

*Baker, Smith & Baker,* for plaintiff in error.

*Hamilton & Ford,* for defendant in error.